United States District Court

**FILED**

for the
Eastern District of Tennessee

JUL 1 3 2018

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

IN THE MATTER OF THE SEARCH OF )
INFORMATION ASSOCIATED )
WITH THE CELLULAR TELEPHONES )
ASSIGNED CALL NUMBERS ) No.: 2:18-MJ-157
(404) 829-5502 THAT ARE STORED AT )
PREMISES CONTROLLED BY T- )
MOBILE USA )

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Todd Brewer, United States Department of Justice, Drug Enforcement Administration,

request a search warrant and state under penalty of perjury that I have reason to believe that there is

now concealed on the following property: evidence of a conspiracy to distribute heroin and distribution

of heroin specifically GPS tracking and cell-site location information and other information pertaining

to a subscriber to or customer of T-MOBILE USA, MARIO AMBROSIO LEWIS, and his

involvement in a drug trafficking conspiracy from Atlanta, Georgia to the Eastern District of

Tennessee.

The property to be searched, described above, is believed to conceal records or other

information pertaining to a subscriber to or customer of T-MOBILE USA with the phone number of

(404) 829-5502. The United States is requesting GPS information and cell-site location information,

ranging from February 1, 2017 through September 22, 2017. Additionally, the United States is

requesting:

a. The telephone call number and unique identifiers for the wireless device in the vicinity of the tower ("the locally served wireless device") that registered with the tower, including ESNs, MEINs, MINs, SIMs, MSISDNs, IMSIs, and IMEIs;

b. The source and destination telephone numbers associated with each communication (including the number of the locally served wireless device and the number of the telephone that called, or was called by, the locally served wireless device);

c. The date, time, and duration of each communication;

d. The "sectors" (or tower face) that received a radio signal from each locally served wireless device; and

e. The type of communication transmitted through the tower (such as phone call or text message).

f. Subscriber information pertaining to the history of the account with T-Mobile, including the length of history, status, and any pertinent billing durations

These records should include records for communications that were initiated before or terminated after the specified time period, as long as part of the communication occurred during the time period listed above.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☐☒     evidence of a crime

The search is related to a violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C), and the application is based on these facts:

I, Todd Brewer, being duly sworn, depose and say as follows:

## BACKGROUND OF AFFIANT

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises owned, maintained, controlled, or operated

2

by T-MOBILE USA, headquartered at 12920 Se 38th St., Bellevue, WA, 98006. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant to require T-MOBILE USA to disclose to the government records and other information in its possession pertaining to the subscriber or customer associated with the accounts, including GPS location services and cell-site location information.

2. I am employed with the U.S. Drug Enforcement Administration (DEA) as a Special Agent, and have been so employed for over 20 years. Prior to my employment with the DEA, I was a Police Officer for the Prince William County Police Department in Northern Virginia for approximately four (4) years. Prior to my employment with the PWCPD, I was a Deputy Sheriff with the Loudoun County Sheriff's Office in Loudoun County, Virginia for approximately one (1) year. I was trained as a DEA Special Agent at the DEA/FBI Academy in Quantico, Virginia. While at the DEA/FBI Academy, I received specialized training in the Controlled Substances Act, Title 21, United States Code, including, but not limited to Sections 841 (a)(1) and 846 (Conspiracy and Controlled Substance Violations), criminal organizations engaged in conspiracies to manufacture and/or possess with intent to distribute cocaine, heroin, methamphetamine, marijuana and other dangerous drugs prohibited by law, search and seizure law, and many other facets of drug law enforcement.

3. During my employment as a DEA Special Agent, I have participated in numerous investigations involving the seizure of controlled substances, the seizure of narcotic related records and other types of evidence that document a criminal organization's activities in both the manufacturing and distribution of controlled substances. To successfully conduct these investigations, I have utilized a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through these investigations, my training and experience, and conversations with other experienced Agents and law enforcement personnel, I have become familiar with the methods used by traffickers to smuggle and safeguard narcotics, to distribute

3

narcotics, and collect and launder related proceeds. I am aware of the sophisticated tactics they routinely use to attempt to thwart any investigation of their narcotics organizations. My knowledge of these tactics, which include the utilization of numerous different cellular telephones, beepers, counter surveillance, elaborately planned distribution schemes tied to legitimate businesses, false or fictitious identities, and coded communications and conversations, has been particularly useful and relevant to this investigation.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that are stored at premises owned, maintained, controlled or operated by T-MOBILE USA, headquartered at 12920 Se 38th St., Bellevue, WA, 98006.

5. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 846 and 841(a)(1) have been committed, and are being committed, by Mario Ambrosio Lewis and others known and unknown. There is also probable cause to search the information described in Attachment A for evidence of these crimes, as described in Attachment B.

6. The information contained in this affidavit is based on my personal observations, observations of other law enforcement officers, observations of Cooperating Sources (CS) as related to me, my review of official police and government reports, my review of records and documents gathered during this investigation, and consultation with other Agents involved in the investigation. This affidavit contains information necessary to support probable cause for the search warrant. The information contained in this affidavit is not intended to include each and every fact and matter observed by or known to the United States. This affidavit is submitted in support of a request that a

4

search warrant be issued for any stored location services, specifically GPS and cell-site location information, associated with the cellular telephone bearing telephone numbers (404) 829-5502.

## PURPOSE OF THE AFFIDAVIT

7. This Affidavit is submitted in support of a search warrant authorizing a search of all GPS location services information and cell-site location information related to a subscriber or customer of T-Mobile USA, attached to phone number (404) 829-5502, belonging to Mario Ambrosio Lewis.

8. The United States is investigating a drug trafficking conspiracy, in which several packages were delivered via FedEx and UPS and several others were delivered personally by Lewis to the Eastern District of Tennessee. The investigation concerns possible violation of, *inter alia*, the following federal statutes: Conspiracy 21 U.S.C. § 846, Distribution of Heroin 21 U.S.C. §§ 841(b)(1)(C) and 841(a)(1).

## PROBABLE CAUSE

9. On or about April 23, 2017, officers from the Bristol Police Department responded to a call on 316 Roscommon Drive involving a death. Upon processing the scene and search of the residence, officers revealed needles, cellophane wrapping in the toilet, and paraphernalia in an adjacent room to where the deceased was found. The deceased was found lying slumped over on the bed with blood coming from her nose. Upon this observation and based on the totality of the circumstances, officers noted a suspected drug overdose and began investigating the death as such. The autopsy and pathology report later revealed that the deceased died from Acute Fentanyl toxicity. Based on my experiences, it has become common for heroin traffickers to mix Fentanyl with heroin to increase profit margins.

10. An individual, identified as Calvin Richard Campbell, a relative of the deceased, was present at the scene when officers arrived at the residence. Officers took a statement from

5

Campbell and it was revealed that he discovered the body of the deceased. Officers made note of Campbell's suspected involvement in providing the drugs to the deceased prior to her death. Officers noticed that there was not a cellular phone found at the residence upon processing the scene initially. Subsequently, officers were contacted by the owner of the home that the cellular phone belonging to the deceased was found outside of the home. Once retrieved, a phone download pursuant to a search warrant revealed that several messages from Campbell to the deceased were deleted.

11. Officers made contact with Campbell regarding the deleted messages from the deceased person's phone and inquired about consent to download his phone as well. He initially consented to the search, but then denied consent to download the contents of his phone. A search warrant was obtained to download Campbell's phone and the officer discovered that there were messages deleted from the deceased person's cell phone that were not deleted from Campbell's cell phone. Upon this discovery, officers also revealed several messages exchanged discussing the quality of drugs Campbell received within the Eastern District of Tennessee.

12. Statements taken from Campbell after being given Miranda warnings, yielded evidence of a drug conspiracy between Campbell and the "Source" residing in Atlanta, Georgia for the distribution of heroin to the Eastern District of Tennessee. Specifically, text messages and messages retrieved from the WhatsApp revealed drug trafficking transactions taking place between the "Source" Mario Ambrosio Lewis, and Calvin Richard Campbell Jr. Campbell's statement also provided information regarding the methods of payment, shipping of the drugs, and the personal deliveries to the Eastern District of Tennessee by the "Source" Mario Ambrosio Lewis, also known as Big Boy ATL.

13. Campbell also said that in addition to shipping drugs to Campbell from Atlanta, Mario Ambrosio Lewis was personally delivering heroin to the Eastern District of Tennessee by way of

6

motor vehicle. Mr. Campbell's statement also included a transaction occurring around April 20, 2017, in which Mario Lewis arrived at Mr. Campbell's residence with white powder and tar heroin. Mr. Campbell tried the drugs, but did not like them. Campbell said Mario Lewis then took the drugs to another individual. When that individual could not afford to purchase all of the drugs, Mario Lewis took the drugs back to Campbell's residence. Mr. Campbell admitted he offered the drugs to the deceased and witnessed her use the white powder prior to finding her deceased on April 23, 2017.

14. Shipping records obtained pursuant to a judicial subpoena confirm consistent shipments from Atlanta, Georgia to Bristol, Tennessee from February 9, 2017 continuing through September 22, 2017.

15. In addition to the corroboration of shipments by obtaining shipping records, agents with the 2nd Drug Task Force while working in undercover were able to make contact with Mario Lewis by calling his phone (404)829-5502 to arrange for the purchase of a mixture of heroin/cocaine on two occasions and methamphetamine on a third occasion. Lewis shipped the drugs to agents and they transferred money electronically to Lewis.

16. I believe, based on my training, experience, and participation in this investigation that Mario Lewis traffics drugs (heroin, fentanyl, cocaine, and methamphetamine) to the Eastern District of Tennessee via UPS, FedEx, and personal vehicle and uses his cell phone as a means of communication in sending confirmations of drug shipments and payments received as part of his drug trafficking business transactions. Obtaining the GPS and or cell-site information will corroborate his trips to East Tennessee.

17. WHEREFORE, based upon the foregoing, I believe that Mario Ambrosio Lewis and others known and unknown have been engaged in the conspiracy and distribution of heroin and over an extended period of time. I further believe that evidence of his drug trafficking activities

7

would be contained within the GPS location information, cell-site location information, and subscriber information attached to his T-Mobile phone number (404) 829-5502.

18. I respectfully request that the court issue a warrant authorizing the search of those records. Furthermore, I have only used that information necessary to establish probable cause and inform the court of pertinent information related to the request for search authorization.

## LOCATION TO BE SEARCHED AND THINGS TO BE SEIZED

19. I anticipate executing this warrant to require T-Mobile USA to disclose to the government copies of the records and other information (including the GPS information, cell-site location information, and subscriber information) particularly described in Attachment A. Upon receipt of the information described in Attachment A, the information described in Attachment B will be seized by law enforcement.

## CONCLUSION

1. Based on my training and experience, I know that those involved in drug trafficking activities commonly use cellular telephones, to include the text messaging capabilities, to contact others to discuss and arrange drug transactions and to further their illicit drug business.

2. Based on the foregoing, there is probable cause to believe that the GPS, cell-site location information, and subscriber information, contain evidence of drug trafficking, specifically violations of Title 21 USC 841 and 846, Distribution of Heroin and Conspiracy to Distribute Heroin, respectively.

3. It is respectfully requested that this Court issue an order sealing, for the period of 180 days, all papers submitted in support of this application, including the application and search warrant. I believe that sealing this document is necessary because the items and information to be seized are relevant to an ongoing investigation into the criminal organizations as not all of the

8

targets of this investigation will be searched at this time. Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums. Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

4. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July **13**, 2018, at Greeneville, Tennessee.

Respectfully submitted,

TODD A. BREWER
Drug Enforcement Administration, Special Agent

Subscribed and sworn to before me on July **13**, 2018.

CLIFTON L. CORKER
United States Magistrate Judge

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with cellular telephone numbers (404) 829-5502, specifically GPS information, cell-site location information, and subscriber information that is stored at premises owned, maintained, controlled, or operated by T-MOBILE USA, headquartered at 12920 Se 38th St., Bellevue, WA, 98006.

1

**ATTACHMENT B**

Particular Things to be seized

I. INFORMATION TO BE DISCLOSED BY T-MOBILE USA

To the extent that the information described in Attachment A is within the possession, custody, or control of T-MOBILE USA, including any GPS information, cell-site location information, and subscriber information that is still available to T-MOBILE USA, is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. All business records and subscriber information, in any form kept, pertaining to the individual accounts and/or identifiers described above, including subscribers' full names, addresses, shipping addresses, date account was opened, length of service, the types of service utilized, ESN (Electronic Serial Number) or other unique identifier for the wireless device associated with the account, Social Security number, date of birth, telephone numbers, and other identifiers associated with the account;

b. All records indicating the services available to subscribers of individual accounts and/or identifiers described above;

c. All records pertaining to communications between T-MOBILE USA and any person regarding the account or identifier, including contacts with support services and records of actions taken;

d. All records regarding the Global Positioning System (GPS) location information for the subscriber of the individual account;

e. All records pertaining to the cell-site location information for the individual account.

1

## II. INFORMATION TO BE SEIZED BY THE GOVERNMENT

All information described above in Section I that constitutes fruits, evidence and instrumentalities of violations of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C) involving Mario Ambrosio Lewis and others known and unknown to the agents since February 1, 2017, including, for each account or identifier listed on Attachment A, information pertaining to the following matters:

a.     Records relating to who created, used, or communicated with the account or identifier, including records about their identities and whereabouts.